THOMAS J. BOONE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boone v. Commissioner
Docket No. 13832-91
United States Tax Court
T.C. Memo 1993-137; 1993 Tax Ct. Memo LEXIS 146; 65 T.C.M. (CCH) 2281; April 1, 1993, Filed *146 Decision will be entered for respondent. Thomas J. Boone, pro se. For respondent: Alan Friday. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined a $ 13,747 Federal income tax deficiency for petitioner's 1987 taxable year. The deficiency is solely attributable to petitioner's failure to report a $ 42,000 lump-sum payment he received during 1987 from the Illinois Central Gulf Railroad as an incentive for his early retirement. The issue for our consideration is whether the incentive payment is taxable. FINDINGS OF FACT The parties entered into a stipulation of facts, along with exhibits, all of which are incorporated by this reference into this opinion. Petitioner resided at Pearl, Mississippi, at the time of the filing of his petition in this case. During 1987 petitioner received a $ 42,000 payment from the Illinois Central Gulf Railroad as an incentive for his early retirement. When petitioner filed his 1987 Federal income tax return he reported the $ 42,000 payment but claimed that it was not includable in income. On his return, petitioner explained that $ 42,000 payment was not taxable in accord with the holding of two Federal *147 District Court opinions. At the time petitioner's 1987 Federal income tax return was due to be filed existing case precedent was favorable to petitioner's position that the incentive payment for early retirement was not taxable. Subsequently to the time petitioner's return was due, both District Court opinions had been reversed by Federal Circuit Courts of Appeals. At about that same time this Court also decided that the incentive payment was taxable. OPINION This Court in , affd. , decided that payments received by railroad employees under the Northeast Rail Service Act are taxable under section 61(a). [1] In that opinion we reached our conclusion even though a different result had been reached in , and . In our opinion we specifically disagreed with the District Courts. . Subsequently, the Courts of *148 Appeals for the Second and Third Circuits reversed both District Court opinions. , revg. ; , revg. . We have reviewed the circumstances of this case and find it indistinguishable from the above-referenced cases on point. Having been advised of this at trial petitioner argued that his incentive payment should not be taxable because of the precedent that was extant at the time he filed his return. Petitioner, who is pro se, suggested that his accountant/tax preparer possessed additional favorable precedent that would have an effect on the outcome of his case. As we understood petitioner's additional argument, he thought that changes in the law *149 subsequent to the time his return was filed and/or due to be filed would have no effect upon his case. Petitioner was provided 30 days within which to submit additional precedent or materials in support of his position. Petitioner did not submit anything. Although we are sympathetic with petitioner, we are bound by the principle of stare decisis to decide this issue unfavorably to him. [2]
To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code in effect for the taxable year in question.↩
2. Respondent's counsel noted at trial that no additions to tax were either determined or asserted against petitioner because he had adequate support for his position at the time of filing his return.↩